W. ELLIS BOND, Judge Pro Tem.
The mother appeals from a judgment granting joint custody of three minor girls, under age ten; from the fixing of child *444 support payments to the mother and suspension of those payments while the girls spend the summer school vacation period with their father.
A judgment of divorce was granted to Mrs. Ryals on January 23, 1985, on grounds of living separate and apart in excess of one year. That judgment was amended on February 19, 1985, and a divorce then granted to the plaintiff, Mr. Ryals, apparently when it was noticed that Mrs. Ryals had reconvened only as to child custody and child support.
The issue of child custody and child support was tried contemporaneously with the action for divorce. Written reasons for judgment were rendered by the court on those issues on March 8, 1985. A judgment of joint child custody was signed by the court April 11, 1985. It provided that the children live with their mother in Shreveport, Louisiana, during the school term and with their father, in or near Converse, Louisiana, in Sabine Parish, during the summer school vacation. Child support payable by the father was fixed in the amount of $600.00 per month, but was ordered suspended while the children reside with their father. On May 20, 1985, the court issued an addendum to that judgment, specifying visitation for each parent with particularity, even as to provisions for transportation of the children for visitation.
Considerable issue was made between the parties concerning the needs and abilities of the parents for support of their children. At the time of trial Mr. Ryals was, or had been for several years, working in the oil industry in the near east for a substantial income. He had been voluntarily paying Mrs. Ryals $800.00 per month for child support. His normal work periods were 28 days at home in Converse, then 28 days in the Gulf of Aden, offshore from Iraq. On the last trip home shortly before trial Mr. Ryals had become the victim of a “pickpocket” and was then without a passport and a visa to reenter Iraq. He expressed some doubt about obtaining another such visa and his work future was in some doubt.
The record shows that an affidavit, executed by Mr. Ryals before his trial attorney as Notary Public, was accepted by the Clerk of Court and filed into the suit record on May 9, 1985. It supplied the court with the information that Mr. Ryals was then working offshore out of Lafayette, Louisiana; on duty 21 days and off 21 days, at an average take-home pay of $945.00 every two weeks.
The dates of events and proceedings hereinabove stated are relevant to the following: The court’s written reasons for judgment, dated March 8, 1985, stated that, “Mr. Ryals has begun working on a land rig since this matter was submitted, and, as indicated, the former Mrs. Ryals has remarried.”
No issue has been made in this appeal with the court’s consideration of facts, very important to a resolution of the issues before the court, where those facts are not in evidence. We find, however, error is committed when the court bases its decision on extra-judicial information concerning which neither of the affected parties have had the opportunity to present evidence or cross-examine the other party’s witnesses. We have previously ruled, in Lambert v. Lambert, 425 So.2d 270 (La.App. 3rd Cir.1982), that consideration of facts obtained by the court after a case has been submitted, and without either granting a new trial or reopening the case, is denial of basic due process.
It would appear also that the court used the information concerning Mr. Ryals’ income contained in the extra-judicial affidavit filed May 9, 1985, in denying Mrs. Ryals’ motion for a new trial on June 18, 1985, since no further fact hearing was held.
We hold that the trial court committed manifest error in considering as evidence what was only an intrusion into the record. It is, therefore, necessary that we make a determination as to an appropriate amount of child support payable by Mr. Ryals.
The evidence demonstrates that the needs of the children are as great or great *445 er than the sum which has previously been voluntarily paid by Mr. Ryals. His ability to pay that amount is supported by the evidence properly before us. It will be ordered that Mr. Ryals pay to his former wife the sum of Eight Hundred Dollars ($800.00) per month for the support and maintenance of their three children, payable monthly in advance. The trial court is, of course, available to the parties when it can be shown that a change in the circumstances that existed at the time of prior fixing of child support requires either an increase or decrease in child support payments.
Appellant urges that the trial court erred in permitting Mr. Ryals to be the custodial parent of the children during the approximately three months summer school vacation. We are aware of the importance of continuity in the lives of children and their need for a stable environment. The transcript of testimony in this case demonstrates that the children are, of course, familiar with their former home where Mr. Ryals resides. They have grandparents, uncles, aunts and rather numerous cousins and friends in that immediate area. It is not as if they were being sent into an alien environment when ordered to live three months of the year in their former home and home town. Their need for continuity of relationships with relatives and friends could very well offset the absence from their mother, who, incidentally was granted one weekend per month visitation with them during that time.
Mrs. Ryals takes great issue with the fact that the court’s order for the children’s summer custody has the effect of granting custody, or visitation privileges, to grandparents and other relatives with whom the children must reside during periods Mr. Ryals is away at work. Examination of the testimony convinces us that Mr. Ryals should have the opportunity to exert the influence of his lifestyle and principles upon the children, even to the extent of arranging for their care by loving and familiar relatives in his absences.
The burden of proof that joint custody would not be in a child’s best interest is upon the parent requesting sole custody. La.C.C. art. 146(A)(2). That statute evidences a legislative policy that parents should have an equal voice in the rearing of their children and in decision making regarding health, education, social and religious development. Lake v. Robertson, 452 So.2d 376 (La.App. 3rd Cir.1984). Appellant has not shown that the custody arrangement ordered by the trial court is not in the best interest of the children. We find no abuse of the vast discretion vested in the trial court.
Appellant is correct that her expenses of maintaining a home and transportation facilities for the children continue while the children are with their father. She urges that the child support payments should continue during the summer. Ordinarily, visitation by children with an out-of-custody parent does not suspend child support payments. In this case it is obvious that Mr. Ryals’ expenses in maintaining the children for three months of the year will be sufficiently greater as to justify a suspension of the payments to his former wife. We find no error in this ruling of the court.
While not cited as error in this appeal, appellant urges in brief that the court’s ruling that Mrs. Ryals’ travel from Shreveport to Converse to get the children at the end of Mr. Ryals’ regular weekend visitations is unduly burdensome and should be changed. While that provision is somewhat unusual we cannot say that it is clearly an abuse of the discretion granted to the trial court in child custody matters.
Costs of this appeal are taxed equally between the parties.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.